NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CRISTINA VERONICA ESPRIU, *Appellant.*

No. 1 CA-CR 21-0342
FILED 1-13-2022

Appeal from the Superior Court in Yavapai County
No.  V1300CR201980618
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Tucson
By Tanja K. Kelly
*Counsel for Appellee*

Law Office of Nicole Countryman, Phoenix
By Nicole Countryman
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Peter B. Swann and Judge D. Steven Williams joined.

---

**B A I L E Y**, Judge:

¶1   Cristina Veronica Espriu appeals her conviction for unlawful flight from a law enforcement vehicle. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2   In November 2019, Espriu was indicted on one count of unlawful flight from a law enforcement vehicle. Before trial, the State alleged she had four historical prior felony convictions. The court permitted the State to impeach Espriu's testimony with her prior convictions, sanitized to exclude the nature of the offenses.

¶3   Espriu testified at the jury trial, and during direct examination her counsel asked if any of her prior convictions "related to fleeing from law enforcement." Espriu responded in the negative. The State then argued that defense counsel had "opened the door" for the State to further inquire as to the nature of Espriu's prior felony convictions. The superior court agreed and allowed the State to elicit testimony during cross-examination that Espriu had been convicted of theft of means of transportation, identity theft, trafficking in stolen property, and possession of dangerous drugs. The court instructed the jury that it could use the prior convictions only to evaluate Espriu's credibility and not as evidence of guilt. The jury later found Espriu guilty as charged.

¶4   We have jurisdiction over Espriu's timely appeal under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes sections 13-4031 and 13-4033(A)(1).

## DISCUSSION

¶5   Espriu argues the court erred in admitting the nature of her prior convictions. We review the superior court's evidentiary rulings for an abuse of discretion. *State v. Payne*, 233 Ariz. 484, 503, ¶ 56 (2013).

¶6 When a party injects improper or irrelevant evidence, the "door is open," and the other party may retaliate with evidence on the same subject. *Pool v. Superior Court*, 139 Ariz. 98, 103 (1984) (citations omitted). The rule may be applied when "evidence adduced or comments made by one party make otherwise irrelevant evidence highly relevant or require some response or rebuttal." *Id.* (citations omitted). In other words, "[w]hen counsel opens the whole field of inquiry, he cannot assign its fruits as error on appeal." *State v. Woratzeck*, 134 Ariz. 452, 454 (1982) (citation omitted) (holding defense counsel opened the door to hearsay evidence of defendant's involvement in a rape-robbery by asking a witness about the incident); *see also State v. Connor*, 215 Ariz. 553, 563, ¶ 35 (App. 2007) (holding defense counsel opened the door to evidence defendant was suspected of burglarizing the victim's apartment by questioning witness about defendant's whereabouts on that day).

¶7 Here, the superior court did not err in admitting evidence as to the nature of Espriu's prior felony convictions. Defense counsel opened the line of inquiry by asking whether she had a prior conviction for fleeing from the police. Thus, the nature of the prior convictions became relevant, and the State was free to question Espriu about her record. *See Woratzeck*, 134 Ariz. at 454; *Connor*, 215 Ariz. at 563, ¶ 35. Further, the superior court did not admit any underlying facts supporting the convictions and provided a proper limiting instruction related to the jury's use of Espriu's convictions. We presume the jury followed the court's instructions. *See State v. McCurdy*, 216 Ariz. 567, 574, ¶ 17 (App. 2007). On this record, we cannot say the superior court abused its discretion.

## CONCLUSION

¶8 For the foregoing reasons, we affirm Espriu's conviction.



AMY M. WOOD • Clerk of the Court
FILED:     AA